```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

**CORY SIMPSON,**

        **Petitioner,**

v.                                             **Case No. 2:10-cv-01070**

**MARYCLAIRE AKERS,**
**Assistant Prosecutor,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On September 2, 2010, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket # 1), filed by Cory Simpson (hereinafter "Petitioner"). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY OF PETITIONER'S CASE

Petitioner is a pretrial detainee, charged with felonies and awaiting trial in the Circuit Court of Kanawha County, West Virginia. (<u>State v. Simpson</u>, Case Nos. 10-F-414 and -415).[1] He claims that he the victim of discrimination by the prosecution,

---

[1] http://www.wvrja.com/puboffsearch/offdetail.asp?root=1169770&bid=2908661&row=1 (October 4, 2010).

based on his prior criminal record. (Pet., # 1, at 5.) He alleges that the prosecution is showing favoritism to his co-defendant. <u>Id.</u> at 7. He requests dismissal of all charges pending against him. <u>Id.</u> at 15.

## **APPLICABLE STATUTES AND CASE LAW**

Section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>   (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. <u>See</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. <u>McDaniel v. Holland</u>, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to

West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545.  A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV.  However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Petitioner concedes that he has not exhausted his state remedies.  By letter dated September 12, 2010, Petitioner requests that the Court excuse his failure to exhaust because he believes that he will not receive a fair and impartial trial in State court. (# 8.)  Because Petitioner's State criminal case is on-going, he has not properly exhausted his state court remedies, the claims contained in his section 2254 petition are unexhausted, and his section 2254 petition is premature.  Accordingly, it must be dismissed without prejudice.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Petitioner has failed to exhaust his state

court remedies prior to filing the instant section 2254 petition.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition and this civil action, without prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.

1984). Copies of such objections shall be served on Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

<table>
<tr><td>October 4, 2010<br>Date</td><td>/s/ Mary E. Stanley<br>Mary E. Stanley<br>United States Magistrate Judge</td></tr>
</table>