## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

CORY SIMPSON,

                Petitioner,

v.                                    CIVIL ACTION NO.  2:10-cv-01070

MARYCLAIRE AKERS,

                Respondent.

## MEMORANDUM OPINION AND ORDER

Pending before the court is the petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2254.  This action was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for submission to the court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted proposed findings of fact and recommended that the court dismiss the petition, without prejudice, for failure to exhaust state court remedies.

The petitioner has filed specific objections to the Magistrate Judge's proposed findings of fact and recommendation [Docket 12].  After *de novo* review, the court **FINDS** that the petitioner's objections lack merit.  More specifically, the petitioner maintains that he has exhausted his state court remedies because the Circuit Court of Kanawha County has dismissed a habeas petition that he filed in state court against the respondent.  As the Magistrate Judge noted, however, a petitioner can exhaust his state remedies by filing a habeas petition in state court, "followed by filing a petition for appeal from an adverse ruling in the [Supreme Court of Appeals of West Virginia]."  (Proposed

Findings & Recommendation [Docket 9] at 3); *see Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995).  Thus, the petitioner has not exhausted his state remedies until he has petitioned for appeal from the Circuit Court's dismissal of his habeas petition.

Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge, **DENIES** the petitioner's letter-form motion to excuse exhaustion [Docket 8], and **DISMISSES** the petition without prejudice.

The court has additionally considered whether to grant a certificate of appealability.  *See* 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable.  *Miller-El v. Cockrell,* 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court **DENIES** a certificate of appealability.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Stanley, counsel of record, and any unrepresented party.

ENTER:        October 20, 2010

Joseph R. Goodwin, Chief Judge

-2-